# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY EHLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) No. 12-3122-CV-S-FJG |
| ROBIN CARNAHAN, Missouri Secretary | ) |
| of State, in her official capacity, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Molly Teichman's Motion to Intervene (Doc. No. 4), filed on Monday, March 5, 2012. Ms. Teichman was the relator in <u>State ex re. Teichman v. Carnahan</u>, a Missouri Supreme Court action referred to in plaintiffs' complaint (Doc. No. 1, ¶ 24), in which the Missouri Supreme Court issued a writ of prohibition to defendant Carnahan, prohibiting her from holding an election based on the Second Nonpartisan Plan (the election plan that plaintiffs in the present action wish this Court to enforce).

Ms. Teichman indicates that she meets the requirements of Fed. R. Civ. P. 24(a) (for intervention as a matter of right), as (1) she has an interest relating to the subject matter of this action in that she is a qualified voter whose senate representation is governed by the constitutional reapportionment process–she indicates her level of interest is the same as plaintiffs', but is adverse to plaintiffs'; (2) she also has res judicata and equitable interests in this action, given that she has a final judgment from the Missouri Supreme Court prohibiting defendant from holding an election based on the Second Nonpartisan Plan (which plaintiffs are now attempting to have this Court enforce); (3) disposing of this action may as a practical matter impair or impede Ms. Teichman's interest in Missouri's ongoing reapportionment process (which she is a participant in state court litigation), and in protecting the judgment of the Missouri Supreme Court which plaintiffs attempt to collaterally attack in this litigation; (4) the current parties will not adequately protect Ms.

Teichman's interest, as plaintiffs propose a using an apportionment plan that Ms. Teichman objected-to at the state level, and defendant Carnahan cannot be expected to defend the Missouri Supreme Court's judgment against her and the previous plan.

Ms. Teichman also indicates her intervention would comply with Fed. R. Civ. P. 24(b) (permissive intervention) as her claim shares with plaintiffs' claim common questions of law and fact concerning (1) Missouri's reapportionment process; (2) treatment of voters who "lose" their senator due to reapportionment and the stagger of the election process by even and odd districts; (3) the constitutional validity of the Second Nonpartisan Plan; and (4) the actual representation of voters afforded by the Second Nonpartisan Plan.

Plaintiffs oppose, indicating that (1) Ms. Teichman does not allege any interest related to the validity of the Tentative Missouri Senate Apportionment Plan, which is the crux of plaintiffs' case, and instead her interest relates to the relief sought by plaintiffs (reinstatement of the Second Nonpartisan Plan); (2) the potential harm to Ms. Teichman is not evident from her motion; (3) the Second Nonpartisan Plan was invalidated by the Missouri Supreme Court on procedural, not substantive, grounds, and therefore the Missouri Supreme Court's decision does not have a res judicata effect here, as the Missouri Supreme Court never reached the issue of the constitutionality of the Second Nonpartisan Plan; and (4) if Ms. Teichman is permitted to intervene, her participation in the case should be limited to her alleged interest in protesting the substantive constitutionality of plaintiffs' proposed remedy, the Second Nonpartisan Plan.

In reply, Ms. Teichman suggests that Rule 24 is construed liberally, and doubts resolved in favor of the proposed intervenor. U.S. v. Union Electric Co., 53 F.3d 1152, 1158 (8th Cir. 1995). Ms. Teichman suggests (1) her interest in the litigation is identical to that of plaintiffs; (2) her interest is actually greater than plaintiffs', in that she has already obtained a judgment against defendant concerning the precise subject matter of this action, whether the Second Nonpartisan Plan should govern the 2012 senate election; (3) plaintiffs' specific objections have no merit.

The Court finds that Ms. Teichman, at the very least, has demonstrated that permissive intervention pursuant to Fed. R. Civ. P. 24(b)(1)(B) should be granted. Therefore, Ms. Teichman's motion to intervene (Doc. No. 4) is **GRANTED**.

**IT IS SO ORDERED.**

Date: <u>March 13, 2012</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge